IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

RANDALL JENNINGS,

Defendant.

OPINION & ORDER

15-cr-138-jdp

---

Defendant Randall Jennings pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Jennings has an extensive criminal history, and if he has at least three prior convictions for "violent felonies" as that term is used in the Armed Career Criminal Act, he would face a mandatory minimum term of incarceration of 15 years under 18 U.S.C. § 924(e). On May 19, 2016, I continued Jennings's sentencing hearing to consider whether five of Jennings's convictions were violent felonies. As I requested, the parties submitted supplemental briefs. Dkt. 27 and Dkt. 28. I completed the sentencing hearing on June 21, 2016, at which I concluded that all five of the convictions at issue were violent felonies, including his two convictions for making terroristic threats under Minnesota law. Because I found no appellate decision addressing whether a conviction for terroristic threats was a violent felony, I issue this opinion to facilitate appellate review of Jennings's case and to provide guidance to other courts who may face the same question.

First the relatively uncontroversial convictions. Jennings concedes that under current law, notably *United States v. Maxwell*, No. 15-2799, 2016 WL 2994844, at *4 (7th Cir. May 24, 2016), *reh'g denied*, No. 15-2799, 2016 WL 3397518 (7th Cir. June 17, 2016), his conviction for simple robbery under Minnesota law is a violent felony. He also concedes that

under *United States v. Ker Yang,* 799 F.3d 750, 756 (7th Cir. 2015), his two domestic assault convictions are violent felonies. Petitioner maintains his objections to the court's determination that these convictions are for violent felonies under the ACCA for purposes of appeal.

Now to the reason for this opinion, the Minnesota convictions for terroristic threats. To set the stage, we are dealing here only with the so-called "force clause" in § 924(e)(2)(B)(i), under which a conviction is for a violent felony if it "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" Terroristic threats is not among the enumerated crimes in § 924(e)(2)(B)(ii), and the residual clause is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Jennings's terroristic threats convictions were punishable by more than one year, thus satisfying that requirement in § 924(e)(2)(B). So the sole remaining question before the court is whether a terroristic threat conviction "has as an element . . . the threatened use of physical force against the person of another[.]" 18 U.S.C. § 924(e)(2)(B)(i).

The conviction of a defendant under the Minnesota Terroristic Threats Statute requires a showing of three elements: (1) that the accused made a threat; (2) to commit a "crime of violence"; (3) with the purpose to terrorize another or in reckless disregard of the risk of terrorizing. *Olmsted v. Holder*, 588 F.3d 556, 559 (8th Cir. 2009). As the Eighth Circuit determined in *Olmsted*, the Minnesota Terroristic Threats Statute is divisible in two respects. First, it is divisible in that the third element may be satisfied either by the accused's actual purpose to terrorize or, alternatively, by the accused's reckless disregard of the risk of terrorizing the victim. But the statute is also divisible as to the second element because "crime of violence" includes an extensive list of offenses that are enumerated in Minn. Stat.

2

§ 609.1095, subd. 1(d). Because the statute is divisible, it is appropriate to look at the *Shepard*[1] documents under a modified categorical approach, also as the Eight Circuit held in *Olmsted*.

Based on a review of the criminal complaint in each case, as to the third element, Jennings was convicted on the basis of his reckless disregard of whether his threats would terrorize the victim. He was not convicted on the basis of any actual purpose to terrorize. Both Jennings and the government contended that a conviction based on "recklessness" is not a violent felony.

I disagree, because the third element does not matter at all under the ACCA force clause analysis. The sole question is whether these convictions have as an element the threatened use of force. And, for this question, what matters is the *second* element and the particular "crime of violence" that Jennings was charged with threatening. The many crimes of violence listed in § 609.1095 include both first degree murder (§ 609.185), as well as being a felon in possession (§ 609.165). Homicide, of course, involves the use of force against another, whereas being a felon in possession does not. Again, because the statute is divisible as to this element, I may consider the charging documents. In Jennings's case, the criminal complaint in both of his convictions charges that the threatened crime of violence was homicide. Thus, in both cases, Jennings was charged and convicted of threatening to commit homicide, and both convictions have as an element the threatened use of force. Whether he made these threats for the purpose of terrorizing the victim, or whether he merely recklessly disregarded the terrorizing effect, is immaterial.

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

3

The cases cited by the defense do not change the analysis. *See Begay v. United States*, 553 U.S. 137, 145-46 (2008); *United States v. McDonald*, 592 F.3d 808, 811 (7th Cir. 2010); *United States v. Woods*, 576 F.3d 400, 410-11 (7th Cir. 2009). Each of these cases holds, essentially, that a conviction for the reckless use of force would not fall within the residual clause of the ACCA. These cases reason that predicate offenses under the ACCA include only those that involve intentional conduct, which is an indicator of a high risk of future dangerous conduct. Crimes like first-degree reckless injury (at issue in *Woods*) do not demonstrate the type of "purposeful, violent, and aggressive conduct" that the ACCA was intended to cover. *Woods*, 576 F.3d at 413.

Jennings was convicted of being reckless with regard to the impact of his threats on the victim. But he was not merely reckless with regard to the threatened use of force itself. As we can tell from the charging documents, he was convicted of a crime that included, as an element, threatening to kill the victim. This satisfies the force clause in § 924(e)(2)(B)(i), and I hold that Jennings's convictions under Minnesota law for making terroristic threats are violent felonies under the ACCA.

Jennings has five predicate offenses under the ACCA. Because he has at least three such convictions, he is therefore subject to the mandatory 15-year minimum term of incarceration.

Entered June 23, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4